USDC No. 3:21cv79-DMB-RP

IN THE COUNTY COURT OF DESOTO COUNTY, MISSISSIPPI

| | |
|---|---|
| ANTHONY BAUMGARDNER | PLAINTIFF |
| VS. | CAUSE NO. CO2021-0485CD<br>**(JURY DEMANDED)** |
| THE KROGER COMPANY, KROGER LIMITED<br>PARTNERSHIP I, JOHN DOES A-D. | DEFENDANT |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, Anthony Baumgardner, by and through his attorney and files this Amended Complaint against the Defendant, The Kroger Company, Kroger Limited Partnership I, John Does A-D., and in support thereof would show unto the Court the following, to-wit:

1      That the Plaintiff, Anthony Baumgardner, is an adult resident citizen of Desoto County, Mississippi.

2.      The Defendant, The Kroger Company, is a foreign corporation with its principal office located in Cincinnati, Ohio, which may be served with process of this Court by serving a copy of the complaint and summons to their Registered Agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

3. The Defendant, Kroger Limited Partnership 1 is an Ohio Entity licensed to do and doing business within the County of Desoto and the State of Mississippi, which may be served with process of this court by serving their Registered Agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

4. Defendant, John Does A-d are unknown individuals and/or entities that are liable to Plaintiff as alleged herein. The Names and capacities of Defendants John Does A-D are

inclusive, whether individual, corporate or otherwise, and are presently unknown to Plaintiff, who sued said Defendants by fictitious names, and will further seek leave of this honorable Court to Amend the Complaint to show their true names and capacities when the same are ascertained. Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of their tortious and wanton actions and/or in some other manner whether alleged herein in this complaint or not, and by such wrongful conduct, said Defendants, each of them, proximately caused and/or contributed to injury and damage occasioned to Plaintiff herein.

## VENUE

5.  Venue is proper in this Court because the Plaintiffs' cause of action arises in tort as a result of the negligent acts of the Defendant, resulting in injuries to the Plaintiffs in Horn Lake, Desoto County, Mississippi.

## FACTS

6.  On or about the 20th day of March 2018, Plaintiff Anthony Baumgardner, entered the business premises of Defendant, at the invitation of the Defendant, for the purpose of purchasing and item or items offered for sale by the Defendant in Defendant's public business. Upon walking down the aisle, the Plaintiff, Anthony Baumgardner, tripped, slipped and fell on a bracket sitting in the floor. The bracket was used by the Defendant to place endcaps at the end of rows, end of freezers and refrigerated units and in wide aisles. This bracket was immediately in the path one would take proceeding down the aisle and its appearance was blocked by the shopping cart Mr. Baumgardner was pushing.

The fall was of sufficient force and violence to proximately cause or contribute to the injuries herein complained of suffered by the Plaintiff, Anthony Baumgardner.

7. The Defendant, The Kroger Company, Kroger Partnership 1 and the John Doe Defendants, through its agents, servants, and employees, carried the brackets to assemble an endcap and dropped them in the floor. Plaintiff saw another bracket after he regained his footing. Defendant reasonably knew or should have known of the presence of the bracket on the floor in a location where it was a trip, slip and fall hazard and wouldn't be reasonably apparent to a reasonably prudent patron pushing a shopping cart with groceries in that aisle. The Defendants were negligent in their failure to maintain said premises in a reasonably safe condition and manner and/or to warn the Plaintiff of the danger.

## NEGLIGENCE OF "KROGER"

8. The Defendants were negligent in the following respects:
   (a) Allowing the bracket to lie hidden from view, from the aisle, on the walking path from the lane to exit the store;
   (b) In placing the bracket directly in the store in a walking path;
   (c) The Defendants created the dangerous condition by placing the bracket;
   (d) The Defendants had knowledge that the placement of the bracket and did nothing to warn customers or to move the box;
   (e) In failing to properly train and/or supervise the employee or agent who came over to prepare the endcaps and were taking these parts with them by dropping these in the path of patrons where it was unable to be seen and regarding proper safety procedures to avoid trip and slip and fall incidents

and thereby promoting a disregard for the safety of patrons.; and/or

(f) In negligent hiring of and/or failing to properly train and/or supervise the manager on shift at the time of the incident regarding proper safety procedures to avoid trip and slip and fall incidents and thereby promoting a disregard for the safety of patrons.

## PROXIMATE CAUSE

9.  The negligence of the Defendant as outlined above was the proximate cause or causes of the accident and the resulting injuries to Plaintiff.

## **DAMAGES**

10. Plaintiff, as a direct and proximate result of the negligence of the Defendants, has been caused to suffer and incur severe and painful physical injuries and damages, including, but not limited to the following, to-wit:

(a) Severe and painful injuries, either caused, precipitated, and/or aggravated by the wrongs complained of, including but not limited to, injury to the arm, side, shoulder and back, and entire central nervous and emotional systems; including, but not limited to, surgery to correct his back;

(b) Great fright and shock;

(c) Great physical pain, past, present and future;

(d) Great mental and emotional anguish, past, present and future;

(e) Large medical expenses; including past medical expenses a the probability of future medicals;

(f) Inability to enjoy the normal pleasures of life, both past and future;

(g) Permanent disability and other damages.

11. Plaintiff alleges that Defendant, by and through its agents, servants, and employees, prior to the Plaintiff's injury, caused, had, or should have had, knowledge that the area, whereupon Plaintiff tripped and fell was blocked with the trip and fall hazard that was placed there,. That Defendant's negligence as set forth in the complaint constitutes gross and wanton conduct and showed a total lack of concern for the welfare of the public. That such conduct and total lack of concern for Plaintiff's safety and well being entitles Plaintiff to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment of and from the Defendant compensatory damages and punitive damages up to Two Hundred Thousand Dollars ($200,000.00) together with interest from the date of judgment, attorney's fees and all costs of court.

THE PLAINTIFF DEMANDS A JURY TO TRY THE ISSUES OF THIS CASE WHEN JOINED.

Respectfully Submitted,

CHATHAM GILDER HOWELL PITTMAN PLLC


/s/ Jefferson D. Gilder
JEFFERSON D. GILDER, #8693
Attorney for Plaintiff
232 Goodman Rd W. Ste. 305
Southaven, MS 38671
(662)349-2889